## Thomas Caveglia et al., Appellees, v. Anton Vieno et al., Appellants.

### Gen. No. 5,989.   (Not to be reported in full.)

Appeal from the City Court of Spring Valley; the Hon. C. E. SHELDON, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed June 11, 1915. Amended and refiled June 25, 1915. Rehearing denied July 7, 1915.

### Statement of the Case.

Bill filed by Thomas Caveglia and sixty or seventy others against five persons as defendants, who were alleged to be the treasurer, financial treasurer and trustees of Court Rose No. 12, Foresters of America, of Spring Valley, Illinois, under the jurisdiction of the Grand Court of Illinois. The bill alleged that the complainants were all members of said Court; and in its main features the bill and its amendments were like those discussed in *Savio v. Vieno, ante,* p. 395. A preliminary injunction was granted. Thereafter by leave of court, the bill was amended, which the defendants moved to dismiss because filed without the consent of certain of the complainants, affidavits of whom were filed denying authority to use their names. The court permitted the complainants to discontinue the suit as to all of such parties excepting Pietro Riva, and then

denied the motion to dismiss the action. Complainants filed an amendment to their bill making the Grand Court, Foresters of America, of the State of Illinois, a defendant; whereupon all of the defendants answered; and thereafter the defendants, other than the Grand Court, moved to dissolve the injunction, which was denied, and the movents then appealed from the two orders denying the motions to dissolve.

The defendants contend that the suit should have been dismissed on the filing by them of a plea of the pendency of the previous action, to which many of the complainants in the present suit were not parties.

Court Rose No. 12 was not a party to the suit either as complainant or defendant.

J. L. MURPHY, for appellants.

GILBERT F. WAGNER, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 262*—*when dissolved on filing of plea of another suit pending.* An injunction issued in an action by members of a fraternal society against the officers and trustees thereof, to restrain an unlawful disposition of its property, should not be dissolved and the suit dismissed on the filing merely of a plea of the pendency of another action against the defendants pertaining to the same matter where some of the complainants in the last action were not parties to the first suit.

2. EQUITY, § 183*—*when suit dismissed on plea of another action pending.* The mere filing of a plea alleging the pendency of another suit between the same parties concerning the same matter does not entitle the defendant to a dismissal of the bill of complaint before the plea has been put on issue and tried.

3. APPEAL AND ERROR, § 990*—*when affidavits on motion reviewed.* Affidavits used on a motion to dismiss a bill of complaint because not filed with the consent of all of the complainants, and

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

which are copied into the record by the clerk, cannot be considered on appeal when not embodied in a certificate of the evidence.

4. EQUITY, § 97*—*when consent of complainant to use of name presumed.* That a bill of complaint was filed with the consent of a complainant will be presumed in an appeal from the denial of a motion to dismiss because of the failure to obtain his consent before filing, where the evidence submitted on the motion is not embodied in a certificate of evidence.

5. FRATERNAL AND MUTUAL BENEFIT SOCIETIES, § 55*—*when society necessary party to proceeding to enjoin officers.* A fraternal society is an essential party, either complainant or defendant, to an action by a member to enjoin an unlawful disposition of its property by its officers and trustees.